UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. BISI; and LAURIE D. BISI,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK (USA) N.A.; and LAND ROVER FINANCIAL GROUP,<br><br>Defendants. | No. 2:23-cv-01994-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Gregory J. Bisi and Laurie D. Bisi's (collectively, "Plaintiffs") Ex Parte Motion for a Temporary Restraining Order ("TRO"). (ECF No. 11.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter involves the potential foreclosure sale of Plaintiffs' property located at 2801 Huntington Road, Sacramento, California 95864 ("Subject Property') and seizure of Plaintiffs' 2018 Land Range Rover, VIN SALGS2SV9JA384703 ("Subject Vehicle").  On August 22, 2023, Defendant Chase Bank (USA) N.A., sent Plaintiffs "Notice of Intent to Foreclose" for the Subject Property.  (ECF No. 1 at 4.)  However, nowhere in Plaintiffs' Complaint do they state a date for a foreclosure sale of the Subject Property.  Subsequently, on August 30, 2023, Defendant Land Rover Financial Group seized the Subject Vehicle and sent Plaintiffs a "Notice of Our Plan to Sell Property" on September 23, 2023.  (*Id*. at 5–6.)

On September 15, 2023, Plaintiffs filed an action in this Court against Defendant Chase Bank (USA) N.A. ("Chase Bank") and Defendant Land Rover Financial Group ("Land Rover") (collectively, "Defendants") and filed the present application for TRO to enjoin the foreclosure sales of the Subject Property and the Subject Vehicle. (ECF Nos. 1, 4.)

### II. STANDARD OF LAW

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  E.D. Cal. L.R.  231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-00227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until

a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emp.'s Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted).  In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005).  A preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*  Simply put, the plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

///

///

//

### III.   ANALYSIS

As an initial matter, Plaintiffs fail to allege a basis for this Court's subject matter jurisdiction in either its Complaint or application for TRO. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . ." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).  Diversity jurisdiction under 28 U.S.C. § 1332(a) requires: (1) all plaintiffs be of different citizenship than all defendants; and (2) the amount in controversy exceed $75, 000.  *See* 28 U.S.C. § 1332(a).  In the instant case, Plaintiffs allege they are citizens of California.  (ECF No. 1 at 2.)  And Plaintiffs list an address in Louisiana for Defendants but provide no indication or basis to determine whether Defendants are citizens of Louisiana.  (*Id*. at 19.)  Additionally, nowhere do Plaintiffs indicate the estimated value of the Subject Property and Vehicle, and thus there is no basis to determine whether the amount in controversy exceeds $75,000.  Moreover, Plaintiffs have not alleged facts essential for federal question jurisdiction.  Indeed, it is difficult for the Court to decipher from the Complaint what claims Plaintiffs are alleging, and they only vaguely state in their application for TRO their claims "involve interstate commerce." (ECF No. 4 at 1.) Accordingly, the Court finds Plaintiffs' have not alleged a basis for its subject matter jurisdiction.

However, even if the Court had subject matter jurisdiction, Plaintiffs' request for a TRO falls short of the standard necessary for this Court to issue a TRO.  Specifically, Plaintiff only offered conclusory and sometimes incoherent references to the *Winter* factors.  Principally, from the Court's review, it is unclear whether Plaintiffs will succeed on the merits because it is unclear what Plaintiffs' claims are.  Plaintiffs have also failed to establish whether they will suffer irreparable harm in the absence of preliminary relief, the balance of equities tip in their favor, or an injunction is in the public interest.

Accordingly, Plaintiffs' request for a TRO is denied.

///

///

///

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Ex Parte Motion for a Temporary Restraining Order.  (ECF No. 4.)

IT IS SO ORDERED.

Date:  September 18, 2023

Troy L. Nunley
United States District Judge

5