UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. BISI, et al,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, D/B/A LAND ROVER FINANCIAL GROUP<br><br>Defendant. | No. 2:23–cv–01994–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

On September 26, 2023, plaintiffs Gregory and Laurie Bisi filed a motion for a temporary restraining order (TRO). (ECF No. 11.) The undersigned recommends denying the motion because plaintiffs have not established likelihood of success on the merits of their claims.[1]

I.  Background

Plaintiffs' First Amended Complaint (FAC) alleges breach of contract, fraud, and equitable estoppel against defendant Land Rover Financial Group. (ECF No. 10 at ¶¶ 31-43.) In 2021, plaintiffs signed a financing agreement with defendant to finance their 2018 Land Rover Range Rover. (Id. at ¶ 8.) Plaintiffs allege that defendant breached the financing agreement by selling the debt to Chase Bank, who subsequently sold the debt to Chase Trust. (Id. at ¶ 15.)

---

[1] This court has denied plaintiffs' two prior requests for temporary restraining orders due to plaintiffs' inability to show likelihood of success on the merits. (ECF Nos. 5, 9.)

1

Plaintiffs did not append a copy of the financing agreement or include its terms or the language giving legal effect to the contract in the FAC.

In August 2023, defendant seized plaintiffs' 2018 Land Rover from plaintiffs' home. (Id. at ¶ 12.) Plaintiffs' TRO motion asks the court to enjoin defendant from moving, transporting, selling, leasing, or transferring title or ownership of plaintiff's vehicle and requiring defendants to identify the location of the vehicle. (ECF No. 11 at 1.)

## II. Legal Standard

The purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130–31 (9th Cir. 2006). The legal standard for granting a temporary restraining order (TRO) is substantially similar to the standard for a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To qualify for injunctive relief, plaintiffs must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that they will suffer irreparable harm without an injunction; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). If a plaintiff fails to show the likelihood of success on the merits, a court need not consider the remaining three elements (Winter elements). Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

## III. Analysis

The TRO motion argues that plaintiffs are likely to succeed on their claim that defendant breach the financing agreement.[2] (ECF No. 11 at 7.) To state a claim for breach of contract, plaintiffs must include facts demonstrating (1) that a contract exists between them and defendant; (2) that they performed their contractual duties or were excused from nonperformance; (3) that defendant breached those contractual duties; and (4) that damages resulted from the breach. Walters v. Fid. Mortg. of CA, 730 F. Supp. 2d 1185, 1199 (E.D. Cal. 2010). "A written contract

---

[2] Plaintiffs FAC alleges fraud and equitable estoppel, in addition to the breach of contract claim. (ECF No. 10 at ¶¶ 34-43.) However, because plaintiffs have not advanced arguments as to why either of these claims meets the Winter factors, this order does not address them.

may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect." E.g., Wallace v. Nationstar Mortg. LLC, No. 2:18-CV-02768-JAM-DB, at *2 (E.D. Cal. Mar. 27, 2019). To plead a contract by its legal effect, plaintiff must "allege the substance of its relevant terms," which "is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." Id.

Here, plaintiffs have not alleged a cognizable breach of contract claim as the FAC does not clearly allege the substance of the relevant terms of plaintiff's alleged contract with defendant. (ECF No. 10 at ¶¶ 8-29 and ¶¶ 31-33.) Thus, plaintiffs have not established they are likely to succeed on the merits of the breach of contract claim.

IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that plaintiff's emergency motion for temporary restraining order (ECF 11) be DENIED. See Garcia, 786 F.3d at 740 (where a plaintiff fails to show the likelihood of success on the merits, a court need not consider the remaining Winter elements).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 3, 2023

bisi.1994

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE