UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. BISI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, D/B/A LAND ROVER FINANCIAL GROUP,<br><br>    Defendant. | Case No. 2:23-cv-01994-TLN-CSK (PS)<br><br>ORDER DENYING DEFENDANT LAND ROVER FINANCIAL GROUP'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AS MOOT<br><br>(ECF No. 16) |

      Pending before the Court is a motion to dismiss the First Amended Complaint ("FAC") filed by Defendant Jaguar Land Rover North America, LLC, d/b/a Land Rover Financial Group ("Land Rover Financial Group").[1] (ECF No. 16.) After the motion to dismiss was filed, this case was automatically terminated by the filing of a notice of voluntary dismissal by Plaintiffs Gregory J. Bisi and Laurie D. Bisi. (ECF No. 24.) Defendant's motion to dismiss is therefore DENIED as moot because this case is closed.

      Plaintiffs, who are proceeding without counsel, commenced this action against Chase Bank, N.A. and Land Rover Financial Group by filing a Complaint on September 15, 2023. (ECF No. 1.) Plaintiffs then filed a FAC against Defendant Jaguar Land Rover

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

North America, LLC, d/b/a Land Rover Financial Group on September 29, 2023, which timely amended the Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). (ECF No. 10.) The FAC identifies Land Rover Financial Group as the only defendant in some places. (*See* FAC at p.1 (sentence preceding ¶ 1), ¶¶ 3-5, and caption listing only one defendant.) In other places, however, the FAC refers to "defendant*s*" and Chase Bank, N.A. (*See, e.g., id*. at ¶¶ 6, 15, 23.)

On October 20, 2023, Defendant Land Rover Financial Group filed an amended motion to dismiss the FAC pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 16.)

Pursuant to Rule 41(a)(1)(A)(i), plaintiffs have a right to voluntarily dismiss this action prior to service by the defendant of an answer or a motion for summary judgment. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (describing a plaintiff's "absolute" right to voluntarily dismiss prior to the defendant's service of an answer or motion for summary judgment); Fed. R. Civ. P. 41(a)(1)(A)(i). The filing of a notice of voluntarily dismissal "automatically terminates the action as to the defendants who are the subjects of the notice," *Wilson*, 111 F.3d at 692, and the dismissal is effective on filing of the notice without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A).

On December 1, 2023, Plaintiffs filed a document titled "motion to dismiss" asking the Court to "dismiss the instance case as Plaintiff[s] [have] filed a superseding Suit for Damages against Chase Auto, et al, case number 2:23-cv-02508." (ECF No. 24.) Plaintiffs' filing is a notice for voluntary dismissal pursuant to Rule 41(a)(1).[2] Plaintiffs' notice of voluntary dismissal identifies both "Chase Bank, N.A." and "Land Rover Financial Group" as defendants. (ECF No. 24.) Based on (1) the FAC's allegations related to Land Rover Financial Group, "defendant*s*" and Chase Bank, and (2) Plaintiffs' identification of both Land Rover Financial Group and Chase Bank in their notice of

---

[2] *See Castro v. United States*, 540 U.S. 375, 38–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").

voluntary dismissal, Plaintiffs' notice of voluntary dismissal is a dismissal of this entire action against both Land Rover Financial Group and Chase Bank.

Here, no Defendant has filed an answer or motion for summary judgment in this action. (*See* Docket.) "Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970)). The fact that Defendant Land Rover Financial Group has filed an amended motion to dismiss the FAC does not affect Plaintiffs' right to voluntarily dismiss this action. *See id*.

Accordingly, Plaintiffs' notice of voluntary dismissal of its case against Land Rover Financial Group and Chase Bank was effective as of the filing of the notice on December 1, 2023, and "automatically terminates" the entire action. *See* Fed. R. Civ. P. 41(a)(1)(A); *Wilson*, 111 F.3d at 692; *Concha*, 62 F.3d at 1506. This entire case shall be closed.

As a result, Defendant Land Rover Financial Group's amended motion to dismiss the FAC (ECF No. 16) is denied as moot.

IT IS HEREBY ORDERED that:

1. Defendant's amended motion to dismiss the First Amended Complaint (ECF No. 16) is DENIED as moot; and
2. The Clerk of the Court is directed to close this case.

Dated:  June 12, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, bisi1994.23